IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOROTHY WILSON,  )
 )
      Plaintiff,  )
 )
   v.  )  Civil Action No. 17-115-E
 )
 )
NANCY A. BERRYHILL, ACTING  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
      Defendant.  )

O R D E R

AND NOW, this 6th day of September, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on September 22, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 7), filed in the above-captioned matter on August 22, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

## I. Background

On June 5, 2013, Plaintiff Dorothy Wilson protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and a claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that she became disabled on November 1, 2011, due to depression, anxiety, chronic obstructive pulmonary disease, left shoulder problems, and anemia. (R. 185).

After being denied initially on February 10, 2014, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on September 22, 2015. (R. 42-67). In a decision dated October 28, 2015, the ALJ denied Plaintiff's request for benefits. (R. 21-36). The Appeals Council declined to review the ALJ's decision on March 6, 2017. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to

determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, November 1, 2011. (R. 24). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically, chronic obstructive pulmonary disease, calcification of the left shoulder, anemia, depression, anxiety, and a history of substance abuse. (R. 24). The ALJ further concluded that Plaintiff's impairment did not meet any of the listings that would satisfy Step Three. (R. 24).

The ALJ next found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could perform no work in areas of concentrated fumes, odors, gases, temperature extremes, or other environmental irritants; no work overhead with the left upper nondominant extremity; no work requiring more than occasional pushing or pulling with the left upper nondominant extremity; only low stress work, defined as work requiring only routine, repetitive tasks; no work involving more than occasional judgment, decision-making, and workplace changes; and no work involving more than occasional interaction with the public, coworkers, and supervisors. (R. 26). At Step Four, the ALJ found that Plaintiff was unable to perform any past relevant work, and he moved on to Step Five. (R. 33). The ALJ then questioned a vocational expert ("VE") in an attempt to determine whether a significant number of jobs existed in the national economy that Plaintiff could perform. Relying on the VE's testimony, the ALJ concluded that Plaintiff was not disabled. (R. 34-35).

**IV.     Legal Analysis**

While the Court does not fully agree with Plaintiff's entire argument as to how the ALJ erred in finding her to be not disabled, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ did not clearly explain his reasoning at Step 5 of the sequential analysis—in that he did not explain how he resolved the conflict between the evidence provided by the VE of representative jobs that Plaintiff could perform and the information about such jobs provided in the Dictionary of Occupational Titles ("DOT")—the Court cannot find that the ALJ's decision is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

As discussed, supra, at Step 5 of the sequential analysis, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here, the ALJ determined that, prior to September 23, 2015, Plaintiff had the RFC to perform light work with various additional limitations. (R. 34). Accordingly, at the administrative hearing, the ALJ asked the VE—assuming a hypothetical individual of Plaintiff's age, education, and job background, with additional specific limitations—whether jobs at the light exertion level existed in the national economy which such an individual could have performed. (R. 65-66). In response, the VE provided a list of three specific jobs that he believed a person with Plaintiff's RFC could have performed, that of photocopy machine operator, hand packer, and pricing clerk. (R. 66). The ALJ asked the VE whether his testimony was consistent with the information contained in the DOT, and the VE responded in the affirmative. (R. 66). The ALJ did not question the VE further. In his decision,

the ALJ then relied on the VE's testimony to find that jobs existed in significant numbers in the national economy that Plaintiff could have performed. (R. 34).

ALJs are required to identify and obtain a reasonable explanation for any conflicts that exist between a VE's testimony and the information contained in the DOT. Specifically, "[w]hen vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled." SSR 00-4P, 2000 WL 1898704, at *4 (Dec. 4, 2000). Furthermore, the ALJ "will explain in the determination or decision how he or she resolved the conflict." Id.

Upon review, the Court finds that there are, in fact, several inconsistencies between the VE's testimony that Plaintiff could perform the specific jobs provided based on her RFC and the description of those same positions in the DOT. First, the description of "photocopy machine operator" contained in DOT 207.685-014 includes the disclaimer that "[i]mportant variables may be indicated by trade name of machine tended." As Plaintiff points out in her brief, such a warning could feasibly include limitations on pushing or pulling trays of paper or other components of the machine. Because Plaintiff's RFC includes a specific limitation on pushing/pulling with the left upper extremity, this could be indicative of a conflict between the job's requirements and Plaintiff's abilities. The VE did not mention this potential conflict in his testimony, nor did the ALJ question the VE regarding the issue. While this inconsistency could be seen as presenting a minor conflict not necessitating remand in light of the existence of other valid job possibilities, because the Court finds that the other two jobs provided by the VE also present conflicts, the Court cannot overlook the potential conflict inherent in this job.

7

The second job provided by the VE, and relied on by the ALJ in reaching his decision, was that of "hand packer." (R. 35, 66). As Plaintiff points out in her brief, this job most likely refers to the job of "hand packager" described at DOT 920.587-018. The DOT lists the strength requirement for the job of hand packager, however, at medium, not light. Plaintiff's RFC, however, expressly limits her to light work. Here again, the ALJ did not question the VE about this inconsistency at the administrative hearing, nor did he explain how he resolved this conflict in his decision.

Finally, the third job supplied by the VE, and relied on by the ALJ in making his disability determination, was that of "pricing clerk." (R. 35, 66). Presumably, this job refers to the job of "laundry pricing clerk" referred to at DOT 216.482-030. This job is also not necessarily consistent with Plaintiff's RFC. Specifically, the DOT describes the job of laundry pricing clerk as having a skill level ("SVP") of 3 (indicative of semi-skilled work), rather than an SVP of 2 (indicative of unskilled work). The VE in his testimony and the ALJ in his decision, however, both describe this job as having an SVP of 2. (R. 35, 66). Here, too, the ALJ does not explain in his decision how he resolved this conflict, and simply lists the job of "Pricing Clerk" as having a skill level SVP of 2. (R. 35).

As explained, supra, an ALJ is required to identify and obtain a reasonable explanation for any conflicts that exist between a VE's testimony and the information contained in the DOT, and he or she must explain in his or her decision how the conflict was resolved. The Court finds that the ALJ failed to do so in this case. The Court further recognizes that remand is not necessary in cases involving inconsistencies where the ALJ asked the VE whether the testimony was consistent with the DOT and where certain factors were met, including where: (1) Plaintiff did not seriously argue an inability to perform the jobs in question and the record supports a

finding that he or she can perform such work; (2) Plaintiff did not point out the conflict at the hearing; and (3) the challenged jobs were only representative examples. See Seifert v. Comm'r of Soc. Sec., 2017 WL 1209574, at *1 n.1 (March 30, 2017).

In this case, the Court finds that, although Plaintiff did not point out the conflicts at the hearing, and although the jobs listed were provided by the VE as representative examples, remand is still required. First, Plaintiff did seriously argue in her brief that she may be unable to perform the job of photocopy machine operator; she did not merely rely on some technicality, but instead pointed out the potential inconsistencies between the job description and Plaintiff's limitations. Moreover, the record does not necessarily support a finding that Plaintiff can perform the remaining two jobs that the VE provided, which, as the DOT describes, clearly may exceed the limitations in her RFC. Furthermore, because all three of the jobs provided by the VE appear to have inconsistencies between the DOT description and the VE's testimony that Plaintiff could perform them, the Court finds that remand is necessary to clear up such conflicts.

The Court thus finds that the ALJ's analysis at Step 5 is insufficient in this case. The Court further finds that the ALJ's failure to explain how he resolved the apparent conflicts that exist between the limitations in Plaintiff's RFC and the representative jobs provided by the VE calls into question the appropriateness of his disability finding. The decision issued by the ALJ is, therefore, not supported by substantial evidence. Thus, remand is required to allow for adequate discussion at Step 5 of the sequential analysis. Additionally, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are fully explained, in order to eliminate the need for any future remand.

## V. **Conclusion**

In short, because the ALJ failed to adequately explain his reasoning at Step 5 of the sequential analysis regarding how he resolved the apparent conflicts that exist between the VE's testimony about the jobs that Plaintiff would be able to perform and the DOT descriptions of such jobs, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

                                                                 s/ Alan N. Bloch
                                                                 United States District Judge

ecf:           Counsel of record